## ANDERSON *et al. v.* KING *et al.*

The question raised by exception to grant of interlocutory injunction being moot, the writ of error is dismissed.

No. 6367. APRIL 12, 1928.

Injunction. Before Judge Park. Baldwin superior court. November 14, 1927.

*C. A. Giles, Allen & Pottle,* and *T. R. Gress, assistant attorney-general,* for plaintiffs in error.

*C. B. McCullar* and *George H. Carswell,* contra.

HINES, J. Howard and Floyd King, owners of the Walter L. Main circus, made arrangements to have said circus exhibit at Milledgeville, Georgia, on November 14, 1927. On November 8, 1927, the health commissioner of Baldwin County, under the Ellis health law, telegraphed these owners that the health department would not permit their circus to exhibit at said time and place, as the gathering incident to the exhibition of the circus would be a menace to the public health. On November 12, 1927, the owners filed their petition in which they denied that the gathering incident to the exhibition of the circus would be a menace to the public health, and alleged that they would sustain damages if they were not permitted to hold their show as they had arranged and advertised to hold it. The petition was brought against Dr. Sam A. Anderson, the health commissioner of said county, its board of health, and the State board of health. Petitioners prayed that the defendants be restrained from in any manner interfering with

the appearing of their circus at said time and place, and that they "have judgment against defendants for whatever amount justice might appertain." On November 12, 1927, the judge granted a restraining order, and, after a hearing, continued the restraining order in full force until further order. On November 30, 1927, the defendants sued out the present bill of exceptions, seeking to review the judgment granting the interlocutory injunction. Counsel for the defendants in error moved to dismiss the writ of error, upon the ground that the case was moot, inasmuch as the circus was held on November 14, 1927, and that in consequence the defendants in error had no claim for damages against the plaintiffs in error. The facts on which said motion was based were not denied by counsel for plaintiffs in error. Under the circumstances the question raised by the bill of exceptions had become moot when the bill of exceptions was sued out, and is now moot. *Deaton* v. *Day*, 148 *Ga.* 698 (98 S. E. 267).

*Writ of error dismissed. All the Justices concur.*